## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**MICHAEL COLLIER**                                      **PLAINTIFF**

**V.**                                         CAUSE NO: _____

**GROVE TRANSPORTATION COMPANY**
**OF MISSISSIPPI, LLC d/b/a GROVE TRANSIT**             **DEFENDANT**

---

### SUMMONS

**THE STATE OF MISSISSIPPI**
**COUNTY OF FORREST**

**TO:**   Grove Transit
c/o Dan Reid
1721 Hardy Street
Hattiesburg, MS 39401

**THE COMPLAINT, WHICH IS ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to <u>Daniel M. Waide</u>, P.O. Box 17738, Hattiesburg, MS 30404, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Amended Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this _____ day of April, 2018.

**Gwen Wilks,**
**FORREST COUNTY CIRCUIT CLERK**

By: _____ D.C.

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net



PROOF OF SERVICE – *Summons*
(Process Server)

I, the undersigned process server, served the *Subpoena* upon the person or entity named above in the manner set forth below:

___PERSONAL SERVICE. I personally delivered a copy to _____ on the ___ day of _____, 2018, where I found said person in _____ County, Mississippi.

___RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the *Summons* on the _____ day of _____, 2018, at the usual place of abode of said person by leaving a copy of the *Subpoena* with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Amended Complaint/petition, and thereafter on the _____ day of _____, 2018, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name: _____

Address: _____

Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - are true and correct as therein stated.

_____
PROCESS SERVER

Sworn to and subscribed before me on this the _____ day of _____, 2018.

_____
NOTARY PUBLIC

My Commission Expires:

_____

COPY

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

FILED

APR 1 6 2018

FORREST COUNTY CIRCUIT CLERK

MICHAEL COLLIER and
TYRONE DUCHARME

**PLAINTIFFS**

v.

No. W18-0062

GROVE TRANSPORTATION COMPANY
OF MISSISSIPPI, LLC, d/b/a GROVE TRANSIT

**DEFENDANT**

---

### SECOND AMENDED COMPLAINT
### JURY TRIAL DEMANDED

---

The Plaintiffs file this suit against Grove Transportation Company of Mississippi, LLC hereinafter "Grove Transit" for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA").  29 U.S.C. § 201 *et. seq.*

#### *Jurisdiction*

1. This Court has jurisdiction over this matter pursuant to the Fair Labor Standards Act (FLSA) because the Plaintiffs were employees of the Defendant and worked primarily in Forrest County, Mississippi.

#### *Venue*

2. Venue is proper is this Court pursuant to 28 U.S.C. § 1391(b)(1) and the FLSA.

#### *Parties*

3. The Plaintiff Michael Collier is a resident of Perry County, Mississippi. The plaintiff was an employee of the defendant as defined by the FLSA.  29 USC § 203(d).

The Plaintiff Tyrone Ducharme is a resident of Jones County, Mississippi. The plaintiff was an employee of the defendant as defined by the FLSA.  29 USC § 203(d).

1

The Plaintiff Brendan Kavanagh is a resident of Forrest County, Mississippi. The plaintiff was an employee of the defendant as defined by the FLSA.  29 USC § 203(d).

4.  The defendant Grove Transit is an employer as defined by the Fair Labor Standards Act.  It is a Mississippi Corporation.   Process can be served on Grove Transit's registered agent, Dan Reid, at 1721 Hardy Street, Hattiesburg, MS 39401.

*Facts*

5.  Grove Transit is engaged in the business of non-emergency transport of people in Hattiesburg, Mississippi and the surrounding areas.

6.  The plaintiffs were employed by Grove Transit as a driver, a non-exempt position under the FLSA.

7.  The plaintiffs regularly worked 75-80 hours week prior to making complaints regarding Grove Transit's failure to properly pay overtime compensation for time spent working for Grove Transit in Florida following Hurricane Irma.

8.  Grove Transit did not pay the plaintiffs 1½ times their regular rate for hours worked over 40 in any workweek while in Florida, nor did Grove Transit pay plaintiffs for straight or any hours worked over 40 while each Plaintiff was in Florida.

9.  The plaintiffs were non-exempt employees under the FLSA Act and were entitled to 1½ times their regular rate for all hours worked over 40 in each work week.

10.  Grove Transit did not pay the plaintiffs on a salary basis or a fee basis and therefore denied itself any claim that the plaintiffs were exempt as supervisory or administrative employees as defined by the FLSA. When the Plaintiff Collier complained about Grove Transit not paying straight time or overtime properly, Plaintiff Collier's hours were greatly reduced and Plaintiff Collier was terminated.

2

### *Violations of Law*

11. Grove Transit failed to pay each plaintiff 1½ times his regular rate for overtime hours.

12. Grove Transit failed to pay each plaintiff for any time worked in excess of 8 hours per day while the Plaintiff was working for Grove Transit in Florida during September of 2017. Grove Transit breached its contract with each Plaintiff by refusing to pay Plaintiff for any hours worked over 8 hours per day while the Plaintiff was working in Florida, said breach also constituting a breach of the duty of good faith and fair dealing under Mississippi law.

13. Grove Transit retaliated against Plaintiff Collier for complaining to Defendant about the Defendant's failure to pay overtime and straight time. Grove Transit reduced Plaintiff Collier's hours and ultimately terminated Plaintiff Collier for engaging in a protected activity under the FLSA.

### *Request for Relief*

14. Each plaintiff request overtime compensation in an amount to be determined at trial.

15. Each plaintiff request an equal amount in liquidated damages, prejudgment interest, costs plus reasonable legal fees.

16. Each plaintiff request punitive damages.

17. Each plaintiff request compensation for hours worked in excess of 8 hours per day while the Plaintiff was working in Florida.

3

18.  Plaintiff Collier request all damages allowed by law for Grove Transit's retaliation against Plaintiff including lost wages, stress, emotional distress, anxiety, punitive damages, pecuniary and non-pecuniary damages.

Respectfully submitted this the 16th day of April, 2018.

MICHAEL COLLIER
TYRONE DUCHARMER
BRENDAN KAVANAGH
PLAINTIFFS

By:_____
DANIEL M. WAIDE, MSB # 103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

4